# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: | ) |
| Malinda B Hobbs | ) CASE NO. 19-82433-CRJ-13 |
| | ) CHAPTER 13 |
| SSN XXX-XX-7918 | ) |
| | ) |
| DEBTOR | ) |

## TRUSTEE'S MOTION TO DISMISS

COMES NOW, Michele T. Hatcher, the trustee in the above styled case, and states:

1) The Debtor reported on the Statement of Financial Affairs a payment in the amount of $18,000 to the Debtor's daughter as a repayment of the Debtor's husband's loans from her late husband's life insurance proceeds. Further, the Debtor also transferred a 1989 Chevrolet 3500 for no consideration to her daughter on July 19, 2019.

   a. Section 1325(a)(7) of the Bankruptcy Code provides " ... the court shall confirm a plan if(7) the action of the debtor in filing the petition was in good faith; "

   b. According to Lundin, "The transfer of assets on the eve of bankruptcy is a lightning rod for intense scrutiny of the debtor's good faith." Keith M. Lundin & William H. Brown, Chapter 13 Bankruptcy, 4th Ed., §181.1 at 1, Rev. June 7, 2014, www.Ch13Online.com (hereafter "Lundin").

   c. The Chapter 13 trustee is authorized to avoid transfers and recover fraudulent transfers. §548 of the Bankruptcy Code. See also Lundin, supra at 60.1. However, the Chapter 13 trustees rarely exercise that authority for a number of reasons. Lundin at 60.

   d. The Trustee must bring an action to recover a fraudulent transfer within the later of: 2 years after the order for relief, 1 year after the trustee is appointed, or the time the case is closed or dismissed. §546 of the Bankruptcy Code. At risk is the possibility that inaction by the Chapter 13 trustee may prejudice a Chapter 7 trustee if the case is converted.

   e. Further, the failure to preserve the cause of action in the confirmation order may result in a bar to such action post confirmation. Lundin at 60.1 [18]. In order to avoid the possibility of a bar the trustee would need to postpone confirmation to proceed with an adversary proceeding against the debtor and the transferees. 13. Although trustees have entered into tolling agreements with debtors there is no assurance that the transferees in this case would also agree to the tolling of §546 of the Code.

f.  There is no assurance that an action to recover the Debtor's transfers will be successful, or if successful that the transfers can be recovered from the transferees.

g.  The Trustee believes that it is in the best interest of the creditors and the bankruptcy estate that this case be dismissed rather than confirmed.

2) The proposed Plan payments are not sufficient to liquidate non-exempt equity to meet the best interest of creditors test set forth in §1325(a)(4). Plan payments must increase to $569 per month beginning October 2019 and fixed payments adjusted.

3) The Debtor undervalued real property located at 16422 Blackburn Lane, Athens, AL on Schedule A/B of her petition pursuant to the current tax assessment from the office of the Limestone County Tax Assessor.

4) The Plan does not comply with § 1322(a)(3). The proposed Plan does not properly address the secured claim filed by Quicken Loans, Inc. in the amount of $599.17 and designated as claim #3 by the Court's Claim Register.

WHEREFORE, the Trustee moves that the subject case be dismissed.

Done this 16th day of October, 2019.

/s/Michele T. Hatcher
Michele T. Hatcher, Chapter 13 Trustee
P.O. Box 2388
Decatur, AL. 35602
(256) 350-0442

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2019, I have served a copy of the foregoing on the parties listed below by depositing the same in the United States Mail, postage prepaid and properly addressed, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4 of the Court's Administrative Procedures.

Malinda B Hobbs
16442 Blackburn Lane
Athens, AL 35611

STEPHEN G CAMPBELL
ATTORNEY AT LAW
PO BOX 708
ATHENS, AL 35612-0708

/s/Michele T. Hatcher
Michele T. Hatcher